IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CR421 |
| | ) | |
| v. | ) | |
| | ) | |
| CALVIN WILLIAMS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of defendant Calvin Williams ("Williams") for a reduction in sentence in accordance with Amendment 750 to the Sentencing Guidelines (Filing No. 88). The Court finds the motion should be denied.

## Background

The 144 month sentence from which Williams seeks a reduction derives from a binding Rule 11(c)(1)(C) plea agreement. To be eligible for such a reduction, the defendant's sentence must be "based on a sentencing range *that has subsequently been lowered*." 18 U.S.C. § 3582(c)(2). The Court denied a prior motion for a reduction on the basis that Williams was sentenced as a career offender -- a designation under a section of the Guidelines that remained unchanged. On appeal, Williams argued that he was sentenced under U.S.S.G. § 2D1.1 and that the Court erred in concluding that he was sentenced under § 4B1.1 as a career offender. The Eighth Circuit affirmed on the grounds that Williams's sentence was based on a Rule 11(c)(1)(C) plea

agreement -- not on *any* section of the Guidelines.  *United States v. Williams*, 598 F.3d 963, 965 (8th Cir. 2010).

Recently, the Supreme Court held that a "district judge's decision to impose a sentence may . . . be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C)."  *Freeman v. United States*, 131 S. Ct. 2685, 2689 (2012).  While this calls into question the reasoning behind the Eighth Circuit's holding in *Williams*, it does not address the reason upon which this Court originally denied defendant's motion.  Using *Freeman*'s interpretation of "based on" in 18 U.S.C. § 3582(c)(2), the Court again concludes that Williams's sentence under the Rule 11(c)(1)(C) plea agreement was not "based on" a sentencing range that has subsequently been lowered.

Discussion

A.

The plurality in *Freeman* held that a Rule 11(c)(1)(C) plea agreement is "based on" the Guidelines where "the court's acceptance [of the plea agreement] is itself based on the guidelines."  *Freeman*, 131 S. Ct. at 2692 (plurality).  A review of the record does indicate that the Court's acceptance of Williams's agreement was based on "the Guidelines".  However, a sentence based on "the Guidelines" does not by itself entitle Williams to a reduction under § 3582(c)(2).  To be eligible, the defendant's sentence must be "based on a sentencing range *that has subsequently been lowered*."  18 U.S.C. § 3582(c)(2) (emphasis

added).

On this point, the facts of *Freeman* are different. The *Freeman* Court was concerned only with establishing whether the defendant's sentence was "based on" the Guidelines because there was never any question as to which particular guideline range was applied. In *Freeman*, it was the crack cocaine guidelines. In *Williams*, this Court was considering the career offender provision.

In interpreting the "based on" language of § 3582, the Eighth Circuit has held that where a defendant was sentenced according to the career offender provision, the sentence is not "based on" the § 2D1.1 crack cocaine guidelines and, therefore, is not "based on" a sentencing range that has subsequently been lowered. *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam). Furthermore, where the defendant qualifies for career offender status but the sentencing court departs *to* a sentencing range consistent with the crack cocaine guidelines, the Eighth Circuit has held that the range *prior to departure* is the range that a sentence is "based on." *United States v. Tolliver*, 570 F.3d 1062, 1065-66 (8th Cir. 2009). *Freeman* confirms that the range prior to departure is the range on which a sentence is "based" for purposes of § 3582(c)(2): "Even where the judge varies from the recommended range, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real

sense a basis for the sentence." *Freeman*, 131 S. Ct. at 2692. Thus, the Court finds that Eighth Circuit precedent under *Tingle* and *Tolliver* survives *Freeman* and is controlling.

Williams qualified as a career offender. Therefore, any pre-departure consideration given to the Guidelines in accepting Williams's plea agreement was a consideration of the unamended career offender provision - not the § 2D1.1 guidelines which have since been modified. Williams is therefore not entitled to a reduction pursuant to § 3582(c)(2).

B.

Even if Williams did meet the "based on" criteria of § 3582(c)(2), the new Guidelines would not operate to reduce his sentence. Defendant argues that his new guideline range would be 168-210 months. Assuming this to be the case, Williams would not be eligible for any further reduction from his 144 month sentence because the Guidelines do not permit any reduction below the newly calculated guideline range. *See* U.S.S.G. § 1B1.10(b)(2); *commentary to* U.S.S.G. § 1B1.10(b)(2); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (holding that compliance with U.S.S.G. § 1B1.10(b)(2) is mandatory under 18 U.S.C. § 3582(c)(2)). The single exception to this prohibition is where the original sentence was reduced pursuant to a government motion in return for the defendant's substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B). No such motion was filed in this case. Therefore, § 3582(c)(2) provides no basis for a reduction in

Williams's sentence.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 22nd day of August, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court